(8 Misc. Rep. 57.)

## In re FOLEY.

(Supreme Court, Special Term, Albany County.    April 7, 1894.)

1. TOWNS—ELECTION OF OFFICERS.
    Laws 1893, c. 344, providing that certain officers shall be elected "at the annual town meeting" in each town, refers to the day on which the ballots are cast in the several election districts, and not to the day thereafter, when the town officers meet to canvass the result of the election, and to transact such other town business as may be brought before them.

2. STATUTES—TIME OF TAKING EFFECT.
    A statute does not take effect until the day after its approval, since it cannot relate back to time before its approval, and the law does not recognize parts of days except in the furtherance of justice.

3. SAME—EFFECT ON PENDING MATTERS.
    A statute does not apply to matters in process of transaction at the time of its passage, unless, by its terms, it is made applicable thereto.

Application by James H. Foley for the correction of the official ballot in the town of Watervliet.    Granted.

This is an application to a justice of the supreme court, under section 88 of the election law (chapter 680 of the Laws of 1892). The petitioner, James H. Foley, has been nominated for the office of town clerk in the town of Watervliet. The town clerk, whose duty it is to print the official ballot, refuses to print the name of the petitioner thereon as one of the candidates, claiming that he, Mr. Le Roy, holds office for another year, and that, therefore, no town clerk is to be elected in the town of Watervliet this year. The claim of Mr. Le Roy is that he was elected on the 11th day of April, 1893, to the office of town clerk of said town, and that by virtue of chapter 344 of the Laws of 1893 he holds office for the term of two years from the time of his election. The order to show cause herein was returnable Saturday, April 7th, at 9 o'clock a. m.; the election to be held Monday, April 9th.

Eugene McLean, for the motion.
Charles B. Templeton, opposed.

HERRICK, J. The questions arising here are a little too difficult to be passed upon hastily, but the refusal to grant this motion will prevent any test being made as to whether Mr. LeRoy has been in fact elected for two years, or only for one, unless the electors of the town resort to the use of a paster ballot; and then will arise the question as to whether these paster ballots are to be counted, or rather whether the nominees for the office of town clerk printed upon the paster ballot shall be recognized by the several boards of inspectors of elections through the town. Of course, printing the names of candidates upon the ballots, and a declaration at the close of the election that one of them has been elected, does not deprive Mr. Le Roy of the office if he was in fact elected thereto for two years. It will place the candidate receiving the greatest number of votes in a position to test Mr. Le Roy's title to office, and no one can be placed in such position unless there is a ballot cast for him for the office. With these considerations in view, I feel less hesitation in deciding this promptly, because it must be passed upon promptly, if at all, than I otherwise would.

The first question that arises is as to whether Mr. Le Roy was elected on the 10th or the 11th day of April, 1893. The indiscriminate use of the words "town meeting" in our various statutes has caused a good deal of confusion to arise, and particularly so in reference to what is called the "county law." The original town meeting was a meeting of the town electors at one place for the election of town officers, and for the transaction of other town business. In course of time it was found inconvenient to have the election at one place, and compel all the voters of the town who desired to participate to vote at one place, and that finally resulted in a number of the towns of the state being divided into election districts for the convenience of the voters. The elections were held on one day, and the town officers met at some subsequent day to canvass the result of the election of the several election districts, and also to transact such other town business as might be brought before them. The latter day—the day when the town officers meet—has still retained the name of "town meeting" in such towns, although the actual election of town officers takes place at a prior day. These boards of town officers, so far as they have any duty connected with

the election, perform the same functions that boards of supervisors do in canvassing the returns from the several election districts in the county of the election held for county officers, or that state officers acting as boards of state canvassers perform in canvassing the returns of election made by the several boards of supervisors in the state. The election is had on the day that the votes are cast, and canvassed by the election officers, and not upon the day when the result is announced by the canvassing boards. The election is the act of the voters of the town, and takes place on the day they deposit their ballots. The town board merely ascertains the result of their acts. That the town meeting referred to in the law relating to town officers is the meeting at which the ballots are cast, and not the day the town officers canvass the returns of the inspectors from the several election districts, is evident from section 1 of chapter 344 of the Laws of 1893, which reads as follows: "There shall be elected at the annual town meeting in each town by ballot, one justice of the peace, one clerk," etc. It recognizes the fact that generally through the state the town meeting and town election are one and the same thing, held on one and the same day, and is the meeting whereat the electors, by their ballots, declare their choice of town officers. No ballots are cast when the town board meets and canvasses the returns from the several election districts. If I am correct in that construction, then Mr. Le Roy was elected on the 10th day of April, 1893, the day when the ballots were cast, and not on the 11th, notwithstanding chapter 22 of the Laws of 1858 recognizes the day when the town officers meet to canvass the returns from the several election districts as the town meeting. If Mr. Le Roy was elected on the 10th day of April, 1893, he was elected for only one year, and chapter 344 of the Laws of 1893 does not extend his term of office. But, assuming his election to have taken place on the 11th day of April, 1893, then I think the statute does not apply. Chapter 344, Laws 1893, was signed April 11, 1893, about 10:30 o'clock a. m., as appears from the affidavit of Mr. Le Roy. The law does not take notice of parts of days. The whole day, then, must be either excluded or included. But acts of the legislature only take effect from and after their passage. As they cannot relate back to time before they are passed, the entire day, then, must be excluded. That being so, the statute in question would not affect officers elected on the day it was signed. There are authorities holding that the rule that the law does not take notice of parts of days will be disregarded by the courts in the furtherance of justice, and the particular part of the day when the statute was passed will be inquired into. To illustrate, if a statute was passed before mid-day, and an act done after mid-day, it will be held in furtherance of justice that the law, which was in fact passed in the morning, will relate to the act done in the afternoon. How such authorities apply to this case I fail to see. I cannot see where justice is to be furthered by a departure from the general rule in this matter. Mr. Le Roy sought and was placed in nomination for the office of town clerk when the term of office was only one year. The people

of the town so understood it. They were in the act of electing him for only one year when the statute in question was passed. What injustice or what wrong is done to him or injustice to the people of the town by holding to the general rule under such circumstances is difficult to discover. While, as I have said, there are authorities holding that the statute will be held to relate, under certain circumstances, to acts done on the same day of, but after, the passage of the statute, there are none, as far as I know, that hold that a statute affects an act in process of being performed at the very time of its passage; and, unless there is something in the act plainly indicating that it is intended to relate to and affect acts then in process of being performed, I do not think that it can be held to relate to them. In this case the election was actually taking place at the time the statute was signed. The polls had been open for some hours, and it seems to me that it would be a strained construction to hold that such statute applied to the election held on the 11th day of April. For these reasons, hastily considered, I think the application should be granted, and the town clerk directed to place the name of the nominee for town clerk upon the official ballot.